# IN THE MATTER OF ANTONMATTEI & NEGRONI, S. EN C., Bankrupt.

Ponce, Bankruptcy, No. 32.

### ON MOTION FOR REMOVAL OF TRUSTEE.

Pleadings—Sworn Denial.
> 1. Where a sworn petition in bankruptcy is met by a sworn denial, the one neutralizes the other.

Bankruptcy—Supervision of Court.
> 2. Bankruptcy proceedings are not *inter partes* in the same sense with other proceedings. Bankruptcy is especially under the supervision of the court because it concerns administration of an estate by court officials.

Opinion filed November 30, 1914.

*Mr. Harry F. Besosa* for trustee.

HAMILTON, Judge, delivered the following opinion:

There has been a petition filed by J. Guiscafie claiming to be a creditor, asking the removal of the trustee, José Juliá, and setting up several improper acts alleged to have been committed by the said trustee. The petition is supported by brief affidavits filed with it, made by different persons. The trustee appears in person to-day and files an answer specifically denying each one of the allegations, and asking that the petition be dismissed. He offers to submit himself to any examination by the court or by the parties. The petitioner does not appear

In the Matter of Antonmattei & N. S. en C.

and is not at this hearing represented by counsel, the matter being, as stated on his behalf, submitted upon the papers.

1. In the first place, the court can have no hesitancy in refusing the petition, for the reason that the case amounts simply to sworn pleadings on each side, one of which neutralizes the other. The affidavits annexed cannot be treated as proof unless they were agreed to be so treated, and it was not so agreed.

2. In the second place, however, there is another thing to be considered. Bankruptcy proceedings are especially under the supervision of the court. They are not *inter partes* in the sense that other proceedings are, and it is the duty of the court to keep a stricter supervision than where it is a case of one citizen against another citizen, each of whom can look after his own interest. It is the court's duty to see in a more strict form to the proper administration of its officials, referees and trustees, and for that reason the court cannot treat this exactly as with cases between private parties.

Under ordinary circumstances the court would refer the matter to the referee at Ponce for further investigation, but it would seem that the referee is somewhat interested in the case on account of orders which he has made in it.

Upon the whole, therefore, the court will make this order. It will dismiss the petition, but without prejudice to any future proceedings in the same behalf. If the petitioner does not see fit to attend court with witnesses, he cannot complain if his petition is dismissed. On the other hand, the court thinks that it ought to keep the matter open that the petitioner may, if he sees proper, press it in the future. The case is therefore dismissed without prejudice to reinstatement within thirty days upon filing another petition and paying the costs and expenses of this proceeding.